UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT R. BLYSTONE and CARLA BLYSTONE, husband and wife, and the marital community comprised thereof,

Plaintiffs,

v.

CITY OF TACOMA, a Washington municipal corporation, JOSEPH BUNDY and PAMELA RUSH, husband and wife, and the marital community comprised thereof,

Defendants.

JOSEPH BUNDY and PAMELA RUSH, husband and wife,

Counter-claimants and
Third-Party Plaintiffs,

v.

THE CITY OF TACOMA, a municipal corporation; ROBERT J. BLYSTONE and CARLA BLYSTONE, husband and wife; LEROY PARDINI and PATRICIA KARNAY, husband and wife,

Third-Party Defendants.

Case No. C04-5535FDB

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RECONSIDERATION

ORDER - 1

This Court denied the City of Tacoma's motion for summary judgment against third-party plaintiffs Joseph Bundy and Pamela Rush as to all of the third-party claims. The federal claim was violation of First Amendment rights: Bundy claims he was retaliated against when he exercised his constitutionally protected First Amendment right in reporting suspected highly irregular or illegal conduct of his superior, Blystone, and addressed each of the three elements of his claim. (1) Bundy argued, and the City assumed for the purposes of the motion, that Bundy engaged in protected speech that involved the perceived wrongdoing of another police officer. (2) Bundy argued that he was subject to an adverse employment action, and detailed twelve ways in which he was refused training and promotion opportunities owing to ineligibility because of the Internal Affairs investigation. (3) Finally, Bundy argued that his speech was a motivating factor for the adverse employment actions, because as soon as he got back to the station after the incident giving rise to his claims, he was advised to the Internal Affairs complaint initiated by Sgt. Blystone, and was advised that several other sergeants had seen Bundy's report of the incident. The City argued that Bundy's report was inaccurate and that Bundy's insubordinate conduct had eroded the close working relationships of the Tacoma Police Department, and that the City's interests outweighed Bundy's interest in the protected speech. The City's summary judgment motion was denied owing to genuine issues of material fact.

Bundy also has a hostile work environment claim for which he must show "that the harassment was (1) unwelcome, (2) because she is a member of a protected class, (3) affected the terms or conditions of employment, and (4) imputable to the employer." *Domingo v. Boeing Employee's Credit Union*, 124 Wn. App. 71, 98 P.3d 1222, 1228 (2004). The City argued that Bundy was not a member of a protected class. Bundy did not respond to the motion as to this claim. Accordingly, summary judgment should be granted for the City as to Bundy's hostile work environment claim.

Bundy alleged retaliation under RCW Ch. 49.60, the elements of which are that (1) the

ORDER - 2

plaintiff engaged in statutorily protected activity; (2) an adverse employment action was taken against him, and (3) there is a causal link between the activity and adverse action. *Milligan v. Thompson*, 110 Wn. App. 628, 638, 42 P.3d 418 (2002).  Because these elements are similar to those of the federal claim, and Bundy argues his good faith attempt to comply with the City's Whistleblower Policy, and there are genuine issues of material fact, summary judgment was denied as to this claim as well, and reconsideration is denied.

Bundy alleges intentional infliction of emotional distress (outrage), the elements of which are (1) extreme and outrageous conduct; (2) intentional or reckless infliction of emotional distress; and (3) actual result to the plaintiff of severe emotional distress. *Kirby v. City of Tacoma*, 124 Wn. App. 454, 98 P.3d 827, 837 (2004).   The City argues that the same conduct that Bundy asserts as the basis for his other claims is asserted here, as well, and is insufficient.  "Mere insults and indignities, such as causing embarrassment or humiliation, will not support the imposition of liability on a claim of outrage." *Dicomes v. State,* 113 Wn.2d 612, 630, 782 P.2d 1002 (1989).  "The conduct must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Kirby*, 98 P.3d at 837.  The City argues that the alleged conduct regarding Blystone's back-up orders raises an implication for which there is no support: that Blystone gave an order instructing officers not to back up Bundy, thereby exposing him or others to danger.  The City quotes Bundy's supervisor, Sgt. David Peck, regarding this: "I don't believe it ever hindered a backup call or that – where safety would be an issue."  Bundy's allegations, on the other hand, are that "I was told to leave a priority backup call by Sgt. Blystone who yelled, "Get back in your car and get outta here"; and that "... Officers Gamble, Weinzierl and I responded to Officer Phan's request for backup.  Blystone cancelled me from responding.  At the same time, the dispatcher made it known that Officer Phan was still requesting backup." The problem that this claim poses is that the conduct, if true as alleged by Bundy, is more outrageous as to the officer calling for back up than to Bundy who was

ORDER - 3

responding. Accordingly, on reconsideration, Plaintiff's motion for summary judgment as to the claim for intentional infliction of emotional distress (outrage) is granted.

In summary, the City's motion for reconsideration is granted as to the hostile work environment and intentional infliction of emotional distress (outrage) claims, but denied as to the retaliation claim.

ACCORDINGLY, IT IS ORDERED: The City of Tacoma's Motion for Reconsideration [Dkt. # 67] is GRANTED in part and DENIED in part and Plaintiff's hostile work environment claim and intentional infliction of emotional distress claims are DISMISSED; the motion is denied as to the retaliation claim.

DATED this 19th day of October, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 4